# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:04 CR 223 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN D. FLOWERS, | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Steven D. Flowers' Motion to (1) Reduce Sentence Under Section 404 of the First Step Act of 2018 And/Or Amend the Judgment, (2) Order a New Presentence Report, And/Or (3) Sentence the Defendant to Time Served, and (4) Decrease The Term of Supervised Release to No More than Eight Years. (ECF # 39). The government filed a Response in Opposition to the motion, and the Defendant filed a reply to that Response. (ECF #40, 44). The matter is now ready for consideration.

Mr. Flowers was sentenced on October 7, 2004, after pleading guilty to one count of knowingly possessing "with intent to distribute over 50 grams of a mixture and substance containing a detectable amount of cocaine base (crack). . . in violation of Title 21 United States Code, Sections 841(a)(1) and (b)(1)(A). . ." (ECF #39, Ex. A). Within the plea agreement, Mr. Flowers stipulated that his conduct involved 91.6 grams of crack cocaine. (ECF #39, Ex. C ¶5). The parties also recognized in the written plea agreement that Mr. Flowers would be categorized

as a career offender, based on a prior Ohio controlled substance conviction and a previous violent offense (aggravated assault). After all applicable enhancements and adjustments, his total offense level was 34. He had a statutory sentencing range of twenty years to life months, and his guideline range was 262-327 months. The Court sentenced him to 262 months, with ten years of supervised release.

On December 21, 2018, the First Step Act of 2018 was signed into law. Section 404 of the Act provides that a court that imposed a sentence for a covered offense may, on motion of the defendant. . . impose a reduced sentence as if sections two and three of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. However, no court shall entertain a motion made under section 404 if the sentence was previously imposed or reduced in accordance with sections two and three of the Fair Sentencing Act, or if prior request made under this section was denied after a complete review on the merits. Reductions are not mandatory, but are left to the discretion of the sentencing judge. See, Pub. L. No. 115-391, Title IV, § 404, Dec. 21, 2018.

Both parties agree that if the Fair Sentencing Act had been in place at the time of Mr. Flowers' original sentencing, his mandatory minimum sentence would have been reduced from twenty years to ten years. They also agree that his maximum sentence would have remained life imprisonment, and he would have been subject to a mandatory eight years of supervised release, rather than ten. The government argues that Mr. Flowers' term of imprisonment should not be reduced, however, because his sentence was based on the guideline range that corresponded to his total offense level and criminal history category, which have not changed, and was not affected by the mandatory minimum in place at the time. The Court agrees with this assessment.

Even if the Court accepts Mr. Flowers' position that a defendant may receive a reduced sentence under the First Step Act, whether or not his guideline range changed, Mr. Flowers' sentence is the same sentence that this Court would have imposed if the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. Under the terms of the Act, this is the standard the Court is required to consider. Even though his mandatory minimum sentence was reduced by the Act, the guideline range applicable to his case has not changed. Taking into account the new statutory range, the guideline range, the factors in 18 U.S.C. §3553(a), and Mr. Flowers' evidence of post-sentencing mitigation, the Court finds that a sentence within the guideline range was and remains justified by a variety of considerations previously set forth in the plea agreement and discussed at his original sentencing. The Court did not consider the mandatory minimum statutory sentence in effect at the time of his original sentencing as a substantial factor in determining his sentence. Further, the upper end of the statutory maximum applicable to Mr. Flowers' case has not changed. Finally, there is no evidence of anything significant in his post-conviction behavior that would warrant a change in his original sentence. Mr. Flowers has apparently taken advantage of some education courses, but has also been the subject of minor disciplinary infractions. Therefore, no reduction in his term of incarceration is warranted.

Mr. Flowers also argues that the Court should reconsider the applicable guideline range, based not upon the provisions of the First Step Act or Fair Sentencing Act changes, but based on a change in Ohio law that has occurred since Mr. Flowers' original sentencing. According to Mr. Flowers his base offense level was increased from 32 to 37 because he was deemed to be a career offender. He was considered to be a career offender based on two prior Ohio convictions.

3

The prior felony drug conviction was, at the time of his sentencing, a fourth degree felony which subjected him to a potential sentence of over a year, making it a predicate offense for career offender status under Guideline 4B1.1.[1] On September 30, 2011, the Ohio legislature changed the penalties for this offense, making it a fifth degree felony with a maximum sentence of twelve months, which would not satisfy requirements for a career offender predicate offense under the federal Sentencing Guidelines. This change was not made retroactive by the Ohio legislature.

This Court has retroactively applied subsequently recognized Constitutional rights when determining whether a sentencing reduction is warranted in a First Step Act case. In doing so, it has relied on the United State Supreme Court's position that the determination of retroactivity does not alter the existence or "temporal scope of a newly announced [Constitutional] right." *Danforth v. Minnesota*, 552 U.S. 264, 271 (2008). In other words it recognizes that newly announced constitutional rights are rights guaranteed by the Constitution, and, as such have existed under the Constitution, even before they were formally recognized by the courts. The Court found that it should not perpetuate the application of an unconstitutional practice when determining a new sentence that complies with the First Step Act's directives. This reasoning does not extend, however, to the application of a subsequent state legislative change that was not constitutionally mandated, and which the state legislature has chosen not to make retroactive.

---

[1] In actuality, Mr. Flowers was sentenced to only six months for this conviction.

For the above reasons, this Court DENIES in Part and GRANTS in Part Mr. Flowers's petition for relief. (#39). Mr. Flowers is not entitled to a reduction in his term of imprisonment as his guideline range remains unchanged, and none of the relevant factors. His supervised release is, however, reduced from ten years to eight years. All other aspects of his original sentence remain intact. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: July 12, 2019